432 A.2d 1064

**George S. YURT and Veronica Yurt, his wife, Appellants,**

**v.**

**M. C. BRUMAGE, Olive C. Spriggs, Ruby Jennings, Jane Rainey, William Funk, Carter Funk and W. H. B. Lewis.**

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed July 17, 1981.

James Hook, Waynesburg, for appellants.

Harry J. Cancelmi, Jr., Waynesburg, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

OPINION

PER CURIAM:

This is the second time that an appeal has been brought to this court in this matter. The facts necessary to an understanding of the background of this case are set forth in the Opinion of President Judge Toothman, of the Court of Common Pleas of Greene County, written in response to the first appeal wherein the appellants Yurts were ordered to plug a certain gas well. Since this court relied on that Opinion in affirming per curiam Judge Toothman's original decree, *Yurt v. Brumage, et al.,* 268 Pa.Super. 631, 413 A.2d 1138 (1979), we incorporate it herein by reference.[1]

Following the affirmance in the earlier appeal, this court remanded the record to the court below on September 21, 1979. At a hearing on November 21, 1979, it was established

1. For the purpose of the issue in this appeal no further reference to it is necessary.

that the Yurts had not yet complied with the court's order to plug the well. The lower court then ordered the well plugged within thirty days of the date of the hearing. On January 10, 1980, the appellees filed a petition asking that the court hold the Yurts in contempt for failure to plug the well. A hearing on the contempt citation was held on February 1, 1980. At the conclusion of that hearing, the Court below found the Yurts in contempt and fined them fifteen thousand dollars, on the condition, however, that they might purge themselves of the contempt and fine by causing the well to be plugged within ninety days.

The Yurts argue, on this appeal, that the contempt finding was improper because the procedure laid down by the appellate courts of Pennsylvania in such matters was not followed. We agree.

In *Crislip v. Harshman*, 243 Pa.Super. 349, 365 A.2d 1260 (1976), we noted that five elements are essential to a civil contempt adjudication . . . : (1) a rule to show cause why an attachment should not issue; (2) an answer and hearing; (3) a rule absolute (arrest); (4) a hearing on the contempt citation; and (5) an adjudication of contempt. [Citations omitted.] Our supreme court has recently reviewed this procedure in *Barrett v. Barrett*, 470 Pa. 253, 368 A.2d 616 (1977), and has added another requirement: when the court determines that there has been a willful noncompliance with its earlier . . . order constituting contempt, but the contemnor presents evidence of his present inability to comply . . ., the court in imposing coercive imprisonment [or fine] should set conditions for purging the contempt . . . which it believes beyond a reasonable doubt the contemnor has the *present* ability to meet. [Citation omitted.] The court found such caution necessary, for if the condition were beyond the capabilities of the contemnor, the imprisonment [or fine] would be tantamount to one for criminal contempt without the benefits of criminal procedural safeguards.

*Kramer v. Kelly*, 265 Pa.Super. 58, 64–65, 401 A.2d 799, 802 (1979) (emphasis in original).

The record in the case before us, shows the five steps enumerated in *Crislip* and repeated in the above-quoted passage from *Kramer*, but we find no evidence that the additional requirement of *Barrett* was met. During the hearing of February 1, Mr. Yurt attempted to adduce evidence regarding the time and expense involved in plugging the well, but the lower court did not allow him to proceed therewith. The record thus does not show beyond a reasonable doubt that it was within the Yurts' power to plug the well within ninety days of the hearing. The cause must be remanded for hearing of this issue.

Order vacated, and cause remanded for hearing consonant with this opinion.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

I dissent.

I would affirm the order of the lower court.